**LI MING ZHIN, Petitioner,**

v.

**BOARD OF IMMIGRATION,**
**Respondent.**

No. 06–2960–ag.

United States Court of Appeals,
Second Circuit.

June 6, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Michael Sady, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Hon. PETER W. HALL, Circuit Judges.

**816**

### SUMMARY ORDER

Petitioner Li Ming Zhin, a native and citizen of the People's Republic of China, seeks review of a June 8, 2006 order of the BIA affirming the February 8, 2005 decision of Immigration Judge ("IJ") Noel Brennan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Ming Zhin,* No. A 96 108 910 (B.I.A. June 8, 2006) *aff'g* No. A 96 108 910 (Immig. Ct. N.Y. City Feb. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ, this Court reviews the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). As a preliminary matter, we decline to address petitioner's arguments before this Court that the IJ erred in her adverse credibility determination and valuation of the evidence, as these are issues which petitioner failed to raise before the BIA. *See Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007)(per curiam). Furthermore, we find no merit in Zhin's arguments regarding the incompleteness of his hearing. If petitioner believed that his testimony was preempted by his former counsel's decision to conclude his redirect examination, that claim of ineffective assistance of counsel should have been brought before the BIA in the first instance. *See Yi Long Yang v. Gonzales,* 478 F.3d 133, 142 (2d Cir.2007). We further find that the IJ's decision to conclude the hearing was reasonable in light of the numerous opportunities petitioner had to state the facts of his claim. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). The IJ reasoned that Zhin's ability to testify forthrightly about his family and his occupation as a welder in China undermined his allegation that his education, literacy, or nervousness prohibited him from testifying about his alleged persecution. For the same reasons, we will not credit these explanations now offered to this Court. *See id.*

We also find no merit in Zhin's contention that the IJ overlooked portions of his testimony. The IJ's lengthy discussion of Zhin's difficulties while testifying indicated that she reasonably considered and rejected portions of Zhin's testimony that were offered too late in the hearing to be credited by a reasonable factfinder. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.